UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PATRICK J. BERGIN,<br><br>                Plaintiff,<br><br>    v.<br><br>WESTERN STATES INSULATORS AND ALLIED WORKERS' PENSION PLAN,<br><br>                Defendant. | No.  2:14-CV-0408-SMJ<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

On April 11, 2016, this Court heard argument on the parties' motions for summary judgment, ECF No. 25 (Defendant's) and ECF No. 31 (Plaintiff's), and Plaintiff's motion to strike, ECF No. 34.

The issue presented is whether the trustees of the Defendant pension plan abused their discretion by concluding that Bergin is ineligible for benefits because he is not retired and because he made a material misrepresentation on his pension application. This Order memorializes and supplements the Court's oral ruling that the trustees did not abuse their discretion in so finding.

ORDER - 1

## I. Factual background

Plaintiff Patrick J. Bergin was employed as an insulation installer in Spokane, Washington from 1970 to 1987. ECF No. 59 at ¶ 3. He was a member of the Local No. 82 of the International Association of Heat and Frost Insulators and Asbestos Worker's Union. ECF No. 59 at ¶ 3. As an insulation installer, Bergin installed various types of insulation including manual application of materials like fiberglass, foam, asbestos, and coatings. ECF No. 59 at ¶ 4. Through his job, Bergin was a member of Defendant's pension plan. ECF No. 59 at ¶ 5. Bergin was a participant in the plan from 1970 to 1987 and became fully vested in 1979. ECF No. 59 at ¶ 5.

From 1987 until late 2001, Bergin owned a company called Ber-Wood—a Spokane-area insulation contractor. ECF No. 59 at ¶ 6.

In March 2002, Bergin began working as a part-time estimator for Insulation Specialists, Inc.—another insulation contractor based in Spokane. ECF No. 59 at ¶ 7. Bergin estimates he works about 25 hours per week or about 100 hours per month. ECF No. 59 at ¶ 17. As an estimator, Bergin measures items and footages from blueprints for jobs that Insulation Specialists intends to bid on. ECF No. 59 at ¶ 9. Bergin then applies mathematical formulas to these numbers to come up with a time estimate for the labor required. ECF No. 59 at ¶ 9. From this information, Bergin prepares a bid and gives it to the owner to finalize. ECF No.

59 at ¶ 10. Bergin received no significant training to become an estimator. ECF No. 59 at ¶ 12.

Under the plan, the normal retirement age is 62 years old. ECF No. 59 at ¶ 24. On August 8, 2011, he submitted an application for pension benefits. ECF No. 59 at ¶ 23. In his application, he listed his retirement date as May 14, 2011— his 62nd birthday. ECF No. 59 at ¶ 23. Bergin thought that because he was no longer employed as an insulation installer he was retired even though he was still working in another capacity. Administrative record at 89.

His application was approved and he began to receive pension benefits in January 2012, retroactive to June 2011. ECF No. 59 at ¶ 26.

On December 10, 2013, the plan learned that Bergin was employed by Insulation Specialists. ECF No. 59 at ¶ 27.

On April 3, 2014, the plan's law firm sent a letter to Bergin's attorney notifying Bergin that he was ineligible for a pension because (1) he never retired from the industry and (2) because he made a material misrepresentation on his pension application. ECF No. 59 at ¶ 28.

On June 5, 2014, Bergin submitted a petition for review of the plan's determination of ineligibility. ECF No. 59 at ¶ 29. The plan denied his petition for review on June 27, 2014. ECF No. 59 at ¶ 31.

On December 22, 2014, Bergin filed suit in this court claiming Defendant's actions violated the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(e)(1).

The parties filed cross motions for summary judgment now before the Court.

## II. Standard of Review

A court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Rule 56(a).

Where the terms of a benefit plan give the administrator or fiduciary discretionary authority to determine eligibility for benefits or construe the terms of the plan, a district court reviews a challenge to the denial of benefits de novo for abuse of discretion. *Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 422 F.3d 863, 866 (9th Cir. 2008). The 9th Circuit has equated the abuse of discretion standard with arbitrary and capricious review under these circumstances. *Watkins v. Westinghouse Hanford Co.*, 12 F.3d 1517, 1524 (9th Cir. 1993).

## III. Discussion

The Court must look to the plain language of the plan to determine whether the Trustees' interpretation of that plan is arbitrary and capricious. Trustees abuse their discretion if they construe provisions of a plan in a way that clearly conflicts

with the plain language of the plan. *Johnson v. Trustees of the Western Conf. of Teamsters Pension Trust Fund*, 879 F.2d 651, 654 (9th Cir.1989) (citation omitted). The question to ask in resolving this dispute is not whose interpretation of the plan documents is most persuasive, but whether the Trustees' interpretation is unreasonable. *Canseco v. Construction Laborers Pension Trust for S. Cal.*, 93 F.3d 600, 606 (9th Cir. 1996).

The plan document states that employees eligible to receive benefits render themselves ineligible for each month in which the employee performs 40 or more hours of "work in the industry".

> [A]n employee who is eligible to receive or who is receiving pension benefits under this Plan shall lose the benefit otherwise payable for each month in which the employee performs forty (40) or more hours of work in the Industry.

ECF No. 59 at ¶ 33. Work in the industry is further defined as employment in the geographic area covered by the plan for an entity that performs work of the type covered by the collective bargaining agreement between the Western States Conference of Asbestos Workers and the Western Insulation Contractors Association. ECF No. 59 at ¶ 33.

Based on this language, the trustees concluded that Bergin is ineligible for benefits since he works approximately 100 hours per month at Insulation Specialists—well over the 40 hours per month necessary to render a person ineligible.

ORDER **-** 5

Bergin first argues that the use of the phrase "work in the industry" in this section is ambiguous because it refers to the work of the employer and in all other sections the plan document refers to the work of the employee.

> All other provisions of the Plan focus almost exclusively on the "work" performed by the employees which entitles them to be members of the union and participants in the Plan. But in the definition of "work in the industry" an employee's "work"—the tasks the employee performs—is subsumed into the "work" the union employer performs. It thus renders an employee's "work" as nugatory. In other words, the Defendant's interpretation of this ambiguous definition illogically reduces the definition to a description of the activity of the union employer, without consideration of the tasks an employee participant performed for the union employer.

ECF No. 31 at 7. Bergin is mistaken. There is nothing ambiguous about the plan's use of the phrase "work in the industry" or illogical about the trustee's interpretation of it. This section unambiguously defines "work in the industry" as the work done by the employer, not the employee.

Second, Bergin argues that there is no support in the administrative record for the trustees' conclusion that, as an estimator, he necessarily draws on the training and experience he received while working as an insulator. Defendant identifies no factual support for this finding in its reply. But Plaintiff fails to explain why such a conclusion is relevant to whether he qualifies for benefits. The trustees' conclusion that Bergin works for a company that performs work covered

ORDER - 6

by the collective bargaining agreement is sufficient to support the denial of benefits.

Third, Bergin argues that the Defendant's conclusion that Bergin made a material misrepresentation lacks factual support because he did not intend to lie. But Bergin cites no authority requiring that a material misrepresentation be knowing.

Defendant's motion for summary judgment is granted. Because the Court did not consider any evidence outside the administrative record, the Plaintiff's motion to strike any such evidence is denied as moot.

## IV. Conclusion

The trustees did not abuse their discretion when they denied Bergin's petition for review. The Court declines to exercise its discretion to order either party to pay the other's attorney fees and costs under 29 U.S.C. § 1132(g)(1).

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Summary Judgment, **ECF No. 25**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 31**, is **DENIED**.

3. Plaintiff's Motion to Strike, **ECF No. 34**, is **DENIED as moot**.

4. The Clerk's Office is directed to enter **JUDGMENT** in favor of Defendant and **CLOSE** the file.

ORDER - 7

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 29th day of June 2016.

_____
SALVADOR MENDOZA, JR.
United States District Judge